IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GESA S. KALAFI-FELTON,

                    Plaintiff,                                    ORDER

          v.                                                      11-cv-480-slc

PETER HUIBREGTSE, TIM HAINES,
GRAY BROUGHTON, MONICA HORNER,
LYNDA SCHWANDT, BRIAN KOOL, TRACY MARTIN,
MARY TAYLOR, JOANNE GOVIER, THOMAS BELZ,
JARED BARR, JANET FISCHER, JUSTIN PEAK,
CURTIS KEPHART, JACOB DUNBAR, NICHOLAS MORIS,
CHRISTINE WATTERS, LESA NOVINSKA,
MICHAEL SHERMAN, JOHN KUSSMAUL,
MELANIE HARPER, TIMOTHY GILBERG,
LEBBEUS BROWN, KURT HOEPER, DAVID GARDNER,
ELLEN RAY, KELLY TRUMM, CHRISTINE BEERKIRCHER,
PHILLIP HENNEMAN, AARON RICHTER, ROBYN HEDEMAN,
MICHAEL HANSFELD and JERRY MCDANIEL,

                    Defendants.

          Plaintiff Gesa S. Kalafi-Felton has responded to the court's October 14, 2011 order in

which I informed him that his complaint contained eight separate lawsuits:

> <u>Lawsuit #1</u>:   Defendants Kool, Taylor, McDaniel, Peak, Fischer,
>                 Martin, Barr, Kussmaul and Henneman,
>                 Huibregtse, Ray, Trumm, Beerkircher, Harper,
>                 Horner and Broughton, Gardner of denying him
>                 due process by denying him advancement in the
>                 High Risk Offender Program.
>
> <u>Lawsuit #2</u>:   Defendants Richter, Sherman, Novinska, Gilberg,
>                 Watters, Kephart, Dunbar and Moris violated his
>                 Fourth and Eighth Amendment rights to be free
>                 from unreasonable searches.
>
> <u>Lawsuit #3</u>:   Defendants Brown, Hoeper, Govier, Broughton,
>                 Gardner, Huibregtse, Schwandt and Horner
>                 deprived plaintiff of his property without due
>                 process.

<u>Lawsuit #4</u>:   Defendants Kool, Harper, Gardner, Huibregtse, Taylor, Martin, Kussmaul, Barr, Henneman, Broughton, Brown, Horner and Schwandt removed him from the High Risk Offender Program and moved him to the Adjustment Center in retaliation for filing a complaint against defendant Broughton.

<u>Lawsuit #5</u>:   Defendants Kussmaul, Kool, Taylor, McDaniel, and Barr moved him to a security camera cell in violation of the Fourth and Eighth Amendment and that defendants Trumm and Huibregtse failed to correct the violation.

<u>Lawsuit #6</u>:   Defendants Kool, Govier, and Kussmaul retaliated against him when he complained of a pat search by defendant Govier.

<u>Lawsuit #7</u>:   Defendant Hansfeld denied him due process when he was an impartial hearing officer on his conduct report arising out of the pat search by defendant Govier.

<u>Lawsuit #8</u>:   Defendants Beerkircher, Ray and Trumm denied him access to the courts by failing to properly administer the inmate complaint review system.

Plaintiff was told that he must choose which one of the eight identified lawsuits he wished to pursue under this case number, which of the remaining lawsuits he will continue to prosecute under a different case number and which lawsuits he will withdraw voluntarily, if any. In addition, I told plaintiff that he would have to pay a separate filing fee for each lawsuit he intends to prosecute at this time .

Plaintiff has responded, *see* dkt. 14, stating that he wishes to proceed with lawsuit #4 and lawsuit #6. Accordingly, lawsuit #4 will proceed under case no. 11-cv-480-slc and lawsuit #6 will proceed under case no. 11-cv-731-slc. In his response, plaintiff argues that he should be allowed to combine lawsuit #6 and lawsuit #7. This is not going to happen: as I have already

explained to plaintiff, he cannot join unrelated claims against different defendants in the same lawsuit. Therefore, plaintiff will proceed with lawsuit #6 as outlined above by the court. Plaintiff may raise the claims addressed in lawsuit #7 in a separate lawsuit at a later time, if he so chooses.

Before I can screen case 11-cv-731-slc pursuant to 28 U.S.C. § 1915, plaintiff must either pay the $350 filing fee or file a request to proceed *in forma pauperis*. Should plaintiff seek to proceed *in forma pauperis*, he will be required to submit a prison trust fund account statement. Plaintiff's trust fund account statement should cover the six-month period beginning approximately April 25, 2011 and ending approximately October 25, 2011. Once plaintiff has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits lawsuit #6 under 28 U.S.C. § 1915(e)(2). Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send a copy of plaintiff's six-month trust fund account statement to this court.

ORDER

IT IS ORDERED that:

(1)     This case is SEVERED in accordance with Fed. R. Civ. P. 20.

(2)     In case number 11-cv-480-slc, plaintiff's claims that defendants Kool, Harper, Gardner, Huibregtse, Taylor, Martin, Kussmaul, Barr, Henneman, Broughton, Brown, Horner and Schwandt removed him from the High Risk Offender Program and moved him to the Adjustment Center in retaliation for filing a complaint against defendant Broughton will be taken under advisement. As soon as the court's calendar permits, plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the case must be dismissed either because the complaint is frivolous or malicious, fails to state a claim on which relief

3

may be granted or seeks monetary relief against a defendant who is
immune from such relief.

(3)     In case number 11-cv-731-slc, plaintiffs claims that defendants Kool,
Govier, and Kussmaul retaliated against him when he complained of a pat
search by defendant Govier will be considered.  Plaintiff may have until
November 16, 2011 to either pay the full filling fee of $350 or seek leave
to proceed *in forma pauperis* and submit a statement of his prison trust
fund account.  After plaintiff either submits the filing fee or makes an
initial partial payment of the filing fee, his complaint will be screened
pursuant to 28 U.S.C. § 1915.  If plaintiff does not submit the filing fee
or trust fund account by November 16, 2011, case no. 11-cv-731-slc will
be dismissed without prejudice.

(4)     The complaint is DISMISSED without prejudice as to plaintiff's claims
against defendants Haines, Hansfeld, Hoeper, Gilberg ,Sherman,
Novinska, Richter, Fischer, Belz,, Peak, Kephart, Dunbar, Moris,
Watters, McDaniel, Beerkircher, Ray, Trumm and Hedeman.


Entered this 28th day of October, 2011.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge

4