IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GESA S. KALAFI-FELTON

        Plaintiff,                                                                    ORDER

  v.
                                                                                                      11-cv-731-slc
BRIAN KOOL, JOANNE GOVIER
and JOHN KUSSMAUL,

        Defendants.

---

In an order entered in this case on November 3, 2011, I assessed plaintiff Gesa Kalafi-Felton an initial partial payment of the $350 filing fee in the amount of $90.10 and gave him until November 22, 2011, in which to submit his payment. Now before the court is a letter from plaintiff stating that the court has miscalculated his initial partial filing fee.. I will construe this letter as a motion to modify the initial partial payment. Plaintiff's motion must be denied.

Unfortunately, in 28 U.S.C. § 1915, Congress has dictated the manner in which prisoners must pay the fees for filing federal lawsuits and appeals, and I have no discretion to modify this method. Plaintiff's initial partial payment was calculated using the method established in 28 U.S.C. § 1915; that is, by figuring 20% of the greater of the average monthly balance or the average monthly deposits to plaintiff's trust fund account over the six month period immediately preceding the filing of his lawsuit. In calculating the amount of plaintiff's initial partial payment in this case, I used the trust fund account statement he submitted in support of his request to proceed *in forma pauperis*. This statement shows that for the six-month period immediately preceding the filing of the complaint in this case, plaintiff has an average monthly balance of $459.49. So that plaintiff is aware, the average monthly balance includes both his regular account funds and his release account funds. Plaintiff's average monthly deposits for the

same time period is $17.45.  The greater of those two amounts is plaintiff's average monthly balance.  Twenty percent of the average monthly balance is $90.10.  Because this court is bound by the provisions of the Prison Litigation Reform Act and because it is clear plaintiff's initial partial payment was calculated correctly pursuant to these provisions, his motion to modify his partial payment of the $350 filing fee will be denied.  He will be required to submit a check or money order for the $90.10 initial partial payment.

It may well be that plaintiff will be able to pay the initial partial payment he has been assessed from the next deposit to his account.  Therefore, I am willing to allow him an extension of 30 days in which to pay the initial partial filing fee.  Plaintiff is reminded that if he does not have the money to make the initial partial payment in his regular account, he may arrange with prison authorities to pay some or all of the assessment from his release account.

If, however, by December 23, 2011, plaintiff is unable to pay the initial partial payment, I will consider that he has withdrawn this action and he will not owe a filing fee.  In that event, if, at some future time, enough time elapses that a six-month trust fund account statement would show that he owes a smaller payment based on his smaller income, he would be free to file a new lawsuit.  Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

## ORDER

IT IS ORDERED that:

1. Plaintiff Gesa Kalafi-Felton's motion to modify his initial partial payment (dkt. #10) is DENIED.

2. Plaintiff may have an enlargement of time to December 23, 2011, in which to submit a check or money order made payable to the clerk of court in the amount of $90.10. If, by December 23, 2011, plaintiff fails to make the initial partial payment, the clerk is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 23rd day of November, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge