IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GESA S. KALAFI-FELTON,

          Plaintiff,                                            ORDER

    v.                                                                    11-cv-731-slc

JOANNE GOVIER and JOHN KUSSMAUL,

          Defendants.

Judgment was entered in this case on December 10, 2012 granting defendants' motion for summary judgment and closing this case. Plaintiff had until January 9, 2013, in which to file a notice of appeal. Now plaintiff has filed a motion for an extension of time in which to file a notice of appeal that is dated January 16, 2013. In addition, plaintiff has filed his notice of appeal and request to proceed *in forma pauperis* on appeal.

Pursuant to Fed. R. App. P. 4(a)(5), a district court may extend the time to file a notice of appeal upon motion of a party filed no later than 30 days after the time prescribed by Rule 4(a) expires, upon a showing of excusable neglect or good cause.

In support of his motion for an extension of time to file an appeal, plaintiff says that he is an indigent prisoner and lacked the financial resources to pay for the necessary postage and stationary. This is not acceptable to show excusable neglect or good cause for extending the time to file a notice of appeal. Every prisoner considering the question whether it would be prudent to file an appeal has limited access to resources and most, if not all, are indigent. I conclude that plaintiff has shown neither excusable neglect nor good cause for extending the time to file a notice of appeal.

This means that plaintiff's appeal is likely untimely. However, only the court of appeals may determine whether it has jurisdiction to entertain an appeal. *Hyche v. Christensen*, 170 F.3d

769, 770 (7th Cir. 1999). The district court's role with respect to an appeal is limited. A district court has authority to deny a request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or if the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir 1998). In this case, plaintiff does not have three strikes and I do not intend to certify that plaintiff's appeal is not taken in good faith.

In order to proceed *in forma pauperis,* plaintiff must make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his appeal. 28 U.S.C. § 1915(a)(2). I calculate this initial partial payment to be $24.55.

If plaintiff does not have the money to make the initial partial appeal payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. The only amount plaintiff must pay at this time is the $24.55 initial partial appeal payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to make sure they are aware they should send plaintiff's initial partial appeal payment to this court.

ORDER

IT IS ORDERED that plaintiff Gesa Kalafi-Felton's motion for an extension of time to file a notice of appeal, dkt. 71, is DENIED.

Further, IT IS ORDERED that plaintiff's request for leave to proceed *in forma pauperis* on appeal is GRANTED. Plaintiff may have until April 10, 2013, in which to submit a check or money order made payable to the clerk of court in the amount of $24.55. If, by April 10, 2013, plaintiff fails to pay the initial partial payment or explain his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal. The clerk of court is requested to insure that the court's financial records reflect plaintiff's obligation to pay the $24.55 initial partial payment and the remainder of the $455 fee in monthly installments.

Entered this 13th day of March, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge